PLEASONTON (NEW JERSEY STEAMBOAT CO. v.). See Case No. 10,166.

PLEASONTON (UNDERHILL v.). See Case No. 14,337.

## Case No. 11,227.

### In re PLIMPTON.

[4 Law Rep. 488.]

District Court, S. D. New York. Feb., 1842.

BANKRUPTCY—INFORMALITIES IN THE PETITION.

In bankruptcy.

BETTS, District Judge. In this case the objections are, that the petitioner did not set forth, to the best of his knowledge, a list of his creditors, with their places of residence and the amounts due to each. The parties must, however, point out the instances in which it has been omitted, and if they do the court will not pass it over. The second objection is, that the schedule annexed to the petition is defective in not showing the residences of all the petitioner's creditors. This objection rests under the same imperfection as the other, namely, that the particular omissions were not pointed out. Another objection is, that the petitioner does not set out an accurate inventory of his property and every portion of it. This is a question of fact, and if he has not set it out properly, it would be fatal to his application. The fourth objection is, that by the schedule it plainly appears the petitioner has an interest or ownership in certain furniture, which is not properly mentioned in the schedule. The schedule says, "other furniture in said house, which is mortgaged to a person in Massachusetts," and when thus designating this mortgaged furniture, he refers, in relation to it, to the clerk of the record office in Brooklyn, to show that the furniture is mortgaged for more than it is worth. As the petitioner thus sets forth the amount of part of his furniture, and sets forth that more of it is mortgaged, and to whom, I apprehend he complies with the act, as the assignee can be under no difficulty in relation to it, and can see what part of it is under incumbrance and what is not. It is not to be expected that papers of this sort will be positively certain as to every particular, but only reasonably certain, so that the creditors can fairly avail themselves of them. The fifth objection is, that the petitioner does not set forth in his schedule an assignment of certain property which he assigned to C. Sherwood, by an assignment of certain accounts or choses in action, etc., belonging to the petitioner. The schedule says, that those debts were "assigned to Sherwood as my assignee, to be divided amongst my creditors pro rata." This general reference to the assignment would not be sufficient, but when the party gives a copy of the assignment, it is to be considered part of the schedule, and I do not see any necessity for a list of the debts which are contained in that assignment. It may be a question between his assignee and the general assignee as to who shall have the property; but a list of the debts would throw no further light on the subject; and would be

merely putting into the hands of the assignee a paper of no use to him. These objections were overruled, and the matters of fact sent before a commissioner.